THE STATE EX REL. PANETO, APPELLANT, *v.* MATOS ET AL.; INDUSTRIAL
COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Paneto v. Matos,* 129 Ohio St.3d 1, 2011-Ohio-2857.]

*Workers' compensation — R.C. 4123.57 — Claimant alleged that his permanent*
*total disability award was a new or changed circumstance warranting*
*reconsideration of the previous denial of his application for scheduled loss*
*compensation — Court of appeals' decision upholding commission's*
*order denying reconsideration affirmed.*

(No. 2009-1869 — Submitted June 8, 2011 — Decided June 16, 2011.)

APPEAL from the Court of Appeals for Franklin County, No. 08AP-926,

2009-Ohio-4845.

_____

**Per Curiam**.

{¶ 1} Appellant, Luiz A. Paneto, seeks R.C. 4123.57(B) scheduled loss compensation for an alleged total loss of use of his left leg. Paneto injured his left foot and ankle after falling from a ladder at work. Despite surgery on the foot, he still uses a cane to walk and has a moderately severe limp.

{¶ 2} Paneto moved appellee, Industrial Commission of Ohio, for scheduled loss compensation, alleging that he had sustained a total loss of use of his left leg. The commission denied the application after finding that Paneto's loss of use was not total, and that order became final.

{¶ 3} Paneto was later awarded permanent total disability ("PTD") compensation. He then reapplied for total-loss-of-use compensation for the injured limb, alleging that his PTD award was a new or changed circumstance that warranted reconsideration of the previous denial.

**{¶ 4}** The commission disagreed. In an order dated September 15, 2008, a staff hearing officer found that the earlier denial of R.C. 4123.57(B) compensation rendered the issue res judicata and concluded that Paneto's PTD award was not a new or changed circumstance that would justify reopening the scheduled-loss issue. The hearing officer also found that even if the issue were amenable to further consideration, Paneto had not lost all use of the injured extremity. He acknowledged that Paneto had a serious leg condition, but based upon the report of Dr. Karl V. Metz, concluded that Paneto "does in fact have some use of the left leg, and thus is not entitled to an award pursuant to Ohio Revised Code 4123.57, for a scheduled loss of use of the left leg."

**{¶ 5}** Further appeal was refused.

**{¶ 6}** Paneto filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying scheduled loss compensation. The court of appeals upheld the commission's order and denied the writ, prompting Paneto's appeal as of right to this court.

**{¶ 7}** After Paneto filed his notice of appeal, the commission learned that he had been working full time as a home remodeler since October 2008. The commission accordingly terminated Paneto's PTD compensation as of that date and specifically found that he had committed fraud, detailing at length his deliberate efforts to conceal his employment and the income from it. We granted the commission's motion to supplement the record with the PTD termination order.

**{¶ 8}** Despite the fact that his PTD compensation was terminated, Paneto continues to argue that the award of PTD compensation was a new or changed circumstance sufficient to permit the commission to reopen the issue of scheduled loss benefits for his left leg. We disagree. The PTD award has been terminated. Moreover, the commission—despite its 2008 determination that the scheduled

loss issue was res judicata—made a merit determination on Paneto's compensation request and found that Paneto did not have a total loss of use. The commission cited medical evidence that supports that conclusion, which negates the need for any further discussion.

{¶ 9} The judgment of the court of appeals is hereby affirmed.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Shapiro, Marnecheck, Riemer & Palnik, Matthew A. Palnik, and Philip Marnecheck, for appellant.

Michael DeWine, Attorney General, and Charissa D. Payer, Assistant Attorney General, for appellee.

_____